RECEIPT #\_\_\_\_\_
AMOUNT $\_\_\_\_\_
SUMMONS ISSUED\_\_\_\_\_
LOCAL RULE 4.1\_\_\_\_\_
WAIVER FORM\_\_\_\_\_
MCF ISSUED\_\_\_\_\_
BY DPTY. CLK.\_\_\_\_\_
DATE\_\_\_\_\_

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE G. FITCH, a citizen of Massachusetts, | ) ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO.: |
| v. | ) ) ) |
| JOHN DOES; JANE DOES; and ABC COMPANIES, | ) ) ) ) |
| Defendants. | ) ) |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, CATHERINE G. FITCH ("Fitch"), through her attorneys and for her Verified Complaint for Injunctive and other Relief against Defendants, JOHN DOES, JANE DOES, and ABC COMPANIES (collectively "Defendants"), complains as follows:

### Nature Of Action

This is an action for an injunction and damages arising out of Defendants' unauthorized access to Fitch's stored electronic mail communications and confidential information and Internet access account and invasion of privacy. Plaintiff seeks to enjoin Defendants from further accessing, using or disclosing Plaintiff's electronic communications and confidential information and for Defendants to account for the whereabouts of Plaintiff's information and also to produce for inspection all personal computers and other media upon which Plaintiff's information may have resided since its unauthorized access by Defendants. Plaintiff further seeks all damages she has suffered as a result of Defendants' actions and Plaintiff's efforts to mitigate her damages.

## The Parties

1.     Plaintiff Fitch is an individual and citizen of the Commonwealth of Massachusetts, having a principal residential address of 66 Pine Street, Dover, Massachusetts, 02030.

2.     The identities of Defendants John Does, Jane Does and ABC Companies are unknown persons and/or entities.

## Jurisdiction And Venue

3.     This Court has subject matter jurisdiction over Fitch's federal statutory claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Fitch's state statutory and common law claims pursuant to 28 U.S.C. § 1367(a).

4.     This Court has personal jurisdiction over Defendants John Does, Jane Does and ABC Companies in that, *inter alia,* Defendants Does and ABC Companies committed the acts complained of herein in Massachusetts and/or because a substantial part of the events giving rise to Fitch's claims occurred within Massachusetts.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Fitch's claims occurred within this Judicial District.

## Facts Applicable To All Causes Of Action

6.     America Online, Inc. ("AOL") is a facility that provides electronic communication ("e-mail") and Internet access services to its subscribers.

7.     For numerous years, Fitch was a subscriber of AOL's services and has used AOL to access the Internet and to send and receive intrastate and interstate e-mails, with the login

name "GLINDA1212" and the e-mail address GLINDA1212@AOL.COM (the "E-Mail Address").

8. Pursuant to AOL's service agreement, all e-mails received for a subscriber through the AOL service, including those received and/or sent via the E-Mail Address, are stored on AOL's computer system for the sole benefit of the subscriber, so the subscriber can access, view, print and/or retrieve such communications by accessing AOL's computer system with a login name and protected password.

9. The E-Mail Address was a critical avenue for communications for Fitch, in that it provided a secure and efficient method and means to send and receive confidential communications, including, but not limited to, communications protected by the attorney-client privilege.

10. Fitch reasonably believed that the E-Mail Address, and any communication sent therefrom or thereto, was secure and confidential in that, *inter alia*, Fitch did not disclose the protected password to others, nor did Fitch provide anyone authorization to access and/or view any communication stored under the E-Mail Address on the AOL computer system.

11. On or about October 18, 2004, and for a few weeks there before, Fitch noticed that one or more confidential and/or attorney-client protected communications were noted as being "read" by AOL's service, indicating that such communications have already been accessed, read and/or viewed, even though Fitch never accessed or read such communications.

12. Upon information and belief, on or before October 18, 2004, one or more Defendants, without Fitch's authorization and/or knowledge, knowingly or with an intentional

-3-

state of mind, accessed one or more e-mails addressed to and/or sent from the E-Mail Address that were stored on the AOL computer system for the benefit of the E-Mail Address, for which the author of such e-mails, and Fitch, only intended and/or authorized Fitch to access such e-mails.

13. As a result of Defendants' unauthorized access to Fitch's stored e-mails, on or about October 18, 2004, Fitch took reasonable measures to mitigate her damages by immediately canceling her AOL account and the E-Mail Address.

14. As a result of Defendants' unauthorized access to Fitch's login and stored e-mails, numerous e-mail messages containing confidential and/or attorney-client communications were viewed and/or accessed, which have caused harm to Fitch, including, but not limited to, the need for Fitch to cancel the E-Mail Address and create and migrate to a new e-mail address.

## COUNT I

### Unlawful Access To Stored Electronic Communications In Violation Of The Electronic Communications Privacy Act (18 U.S.C. § 2701, *et seq.*)

15. Plaintiff Fitch repeats and realleges the allegations of paragraphs 1 through 14 above, as though fully set forth herein.

16. Defendants intentionally and without authorization, or in excess of authorization so given, accessed a facility through which Fitch's electronic communications are provided and stored and thereby obtained access to such electronic communications while such electronic communications were in storage, in violation of 18 U.S.C. § 2701(a).

17.     Defendants' unlawful conduct has caused damages to Fitch, in an amount to be determined at trial, and because her remedy at law is inadequate, Fitch seeks temporary, preliminary and permanent injunctive relief to recover and protect her rights. Unless Defendants are restrained and enjoined, Defendants will continue to harm Fitch irreparably, thereby further damaging Fitch and impairing Fitch's abilities to conduct confidential communications.

## COUNT II

**Violation Of The Computer Fraud And Abuse Act (18 U.S.C. § 1030, *et seq.*)**

18.     Plaintiff Fitch repeats and realleges the allegations of paragraphs 1 through 14 above, as if fully set forth herein.

19.     In connection with its services, AOL owns and maintains one or more "protected computers" as defined in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, which AOL provides for its subscribers to use in interstate and/or foreign communications.

20.     Defendants knowingly and intentionally accessed AOL's protected computers without authorization or in excess of authorization so given, and thereby obtained information from AOL's protected computers, in the form of Fitch's stored electronic communications, in violation of 18 U.S.C. § 1030(a)(2)(C).

21.     Defendants knowingly and intentionally accessed AOL's computers without authorization or in excess of authorization so given, and as a result of such conduct, caused damages in violation of 18 U.S.C. § 1030, *et seq.*

22. The damages suffered by Fitch as a result of Defendants' conduct includes, but is not limited to, the impairment of the integrity and/or availability of stored communications and information in AOL's protected computers.

23. Defendants' unlawful conduct has caused damages to Fitch, in an amount to be determined at trial, and because her remedy at law is inadequate, Fitch seeks temporary, preliminary and permanent injunctive relief to recover and protect her rights. Unless Defendants are restrained and enjoined, Defendants will continue to harm Fitch irreparably, thereby further damaging Fitch and impairing Fitch's abilities to conduct confidential communications.

## COUNT III

**Violation Of The Massachusetts Eavesdropping Statute (Mass. Gen. Laws ch. 272, § 99)**

24. Plaintiff Fitch repeats and realleges the allegations of paragraphs 1 through 14 above, as if fully set forth herein.

25. Defendants knowingly and intentionally used an intercepting device, as defined in the Massachusetts Eavesdropping Statute, Mass. Gen. Laws ch. 272, § 99(B)(3), for the purpose of intercepting, recording, retaining and/or transcribing Fitch's electronic communications from AOL's computers and electronic communication service, without the consent of all of the parties to such electronic communications, in violation of Mass. Gen. Laws ch. 272, § 99(C)(1).

26. Defendants' unlawful conduct has caused damages to Fitch, in an amount to be determined at trial, and because her remedy at law is inadequate, Fitch seeks temporary, preliminary and permanent injunctive relief to recover and protect her rights. Unless Defendants are restrained and enjoined, Defendants will continue to harm Fitch irreparably, thereby further damaging Fitch and impairing Fitch's abilities to conduct confidential communications.

## COUNT IV

**Invasion Of Privacy (Mass. Gen. Laws ch. 214, § 1B)**

27.     Plaintiff Fitch repeats and realleges the allegations of paragraphs 1 through 14 above, as if fully set forth herein.

28.     Fitch had a reasonable expectation of privacy regarding all communications sent from and received by, or stored for the benefit of, the E-Mail Address.

29.     In furtherance of her expectation of privacy, Fitch did engage in communications of a confidential and personal nature.

30.     Defendants had, and continue to have, no right to access and view Fitch's electronic communications.

31.     Defendants unreasonably interfered with and violated Fitch's privacy by intentionally and without authorization accessing Fitch's communications that contained confidential and personal information.

32.     Defendants acted with the knowledge that Fitch's communications were private and confidential, thereby substantially and/or seriously interfering with Fitch's right to privacy in violation of Mass. Gen. Laws ch. 214, § 1B.

33.     Defendants' unlawful conduct has caused damages to Fitch, in an amount to be determined at trial, and because her remedy at law is inadequate, Fitch seeks temporary, preliminary and permanent injunctive relief to recover and protect her rights.  Unless Defendants are restrained and enjoined, Defendants will continue to harm Fitch irreparably, thereby further damaging Fitch and impairing Fitch's abilities to conduct confidential communications.

## **Prayer For Relief**

WHEREFORE, Plaintiff, Catherine G. Fitch, prays for an Order for:

I. Injunctive Relief:

   A. Directing Defendants, and all those in active concert or participation with Defendants, be permanently enjoined and restrained from, among other things:

   1. accessing, or attempting to access, without authorization, or in excess of authorization, Fitch's computers, computer systems, electronic communications or electronic mail and computer user accounts; and

   2. using, forwarding, or disclosing any electronic communication or computer file sent to any of Fitch's electronic mail addresses which Defendants obtained without Fitch's authorization, or in excess of authorization.

   B. Requiring Defendants to immediately undertake all reasonable efforts to provide Fitch with, and then permanently delete, all electronic communications addressed to Fitch in Defendants' possession or control;

   C. Requiring Defendants to submit to Fitch's counsel any and all personal computers and computer media, within Defendants' control, for inspection by Fitch's counsel, or other retained experts, to assess the extent of Defendants' unauthorized access of Fitch's electronic communications;

   D. Requiring Defendants to provide sworn Affidavits identifying, in detail, Defendants' activities, and the activities of anyone acting as Defendants' agent or in concert with Defendants, related to each and every access or attempt to access Fitch's electronic communications that was unauthorized or in excess of authorization access, including, but not limited to, how they gained access, what was accessed, the date and time of all accesses or attempts to access, and what files and electronic communications were deleted, viewed, downloaded, moved, printed, forwarded, provided to others or otherwise altered/destroyed; and

   E. Requiring Defendants to identify and deliver to Fitch all of Fitch's known passwords, electronic communications and computer files.

II. Monetary relief, awarding Fitch an amount to be determined by the Court, including:

   A. Statutory or compensatory, and punitive damages according to:

   1. statutory or compensatory, and punitive damages according to 18 U.S.C. § 2707 resulting from Defendants' unlawful access of Fitch's stored communications, but not less than $1,000;

      2.      compensatory damages according to 18 U.S.C. § 1030(g) resulting from Defendants' unlawful computer fraud and abuse;

      3.      actual and punitive damages according to Mass. Gen. Laws. ch. 272, § 99(Q) resulting from Defendants' unlawful interception, retention or transcription of Fitch's electronic communications, but not less than $1,000; and

      4.      statutory or compensatory damages according to Mass. Gen. Laws. ch. 214, § 1B for Defendants' unreasonable substantial and/or serious interference with Fitch's right to privacy.

    B.    Court fees and costs, reasonable attorneys' fees, and other litigation expenses as provided for in 18 U.S.C. § 2707 and/or Mass. Gen. Laws ch. 272, § 99(Q).

III.    Any further relief the Court deems appropriate and just under the circumstances.

Respectfully submitted,

CATHERINE G. FITCH,

By her attorneys,

_____
Kent D.B. Sinclair (BBO No. 639597)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
(617) 946-4800

Dated: November 16, 2004

Of Counsel:
Joseph R. Lanser[1]
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
(312) 346-8000

---

[1] Not admitted in the Commonwealth of Massachusetts or the Federal District Court for the District of Massachusetts.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATHERINE G. FITCH<br>a citizen of Massachusetts<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES; JANE DOES; and<br>ABC COMPANIES<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.:<br>)<br>)<br>)<br>)<br>)<br>) 04 CV 12428 RCL |

## VERIFICATION

Catherine G. Fitch, pursuant to 28 U.S.C. § 1746, states as follows:

1. I have full knowledge of and am competent to testify to all matters stated herein.

2. I have read the attached Verified Complaint for Injunctive and Other Relief and the factual allegations contained therein are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of November, 2004.

_Catherine D Fitch_
Catherine G. Fitch

10

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Catherine G. Fitch, a Citizen of Massachusetts

### DEFENDANTS
John Does; Jane Does; and ABC Companies

**(b)** County of Residence of First Listed Plaintiff **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kent D.B. Sinclair, Esq.
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 U.S.C. § 2701, et seq. and 18 U.S.C. § 1030. Defendant(s) accessed electronic communications without authorization.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION complaint: UNDER F.R.C.P. 23

DEMAND $tt1,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
November 16, 2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Catherine G. Fitch v. John Does, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1 (d)).
   Location of Doe Defendants unknown.   YES [ ]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Kent D.B. Sinclair, Esq.
                 SEYFARTH SHAW LLP
                 World Trade Center East, Two Seaport Lane, Suite 300
ADDRESS          Boston, Massachusetts 02210
TELEPHONE NO.   (617) 946-4800

(Coversheetlocal.wpd 10/17/02)
American LegalNet, Inc. | www.USCourtForms.com